UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH WAYNE COMBS,

        Petitioner,                          Case No. 17-cv-13956
                                                      Hon. Matthew F. Leitman

v.

LORI GIDLEY,

        Respondent.
_____/

**ORDER (1) DENYING PETITION FOR A WRIT OF
HABEAS CORPUS (ECF #1), (2) DENYING MOTION FOR
APPOINTMENT OF COUNSEL (ECF #3), (3) DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO
PROCEED *IN FORMA PAUPERIS* ON APPEAL**

State prisoner Keith Wayne Combs is confined at the Central Michigan Correctional Facility in St. Louis, Michigan. On December 7, 2017, Combs filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) In the Petition, Combs challenges his state criminal sentence. Combs has also moved for the appointment of counsel. (*See* ECF #3.)

In 2015, Combs pleaded guilty to the delivery/manufacture of methamphetamine, MICH. COMP. LAWS § 333.7401(2)(b)(1), in the Branch County Circuit Court. That court sentenced him to 7 years 11 months to 20 years imprisonment. In the Petition, Combs asserts that the state trial court improperly scored an offense variable of the state sentencing guidelines and that as a result of

1

that error, he is entitled to federal habeas relief because his sentence was based upon inaccurate information.

Promptly after the filing of a habeas petition, a district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief, the court must summarily dismiss the petition. *See id. See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that district courts have a duty to "screen out" habeas petitions that lack merit on their face); *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999).

After undertaking the review required by Rule 4, the Court concludes that Combs is not entitled to federal habeas relief. It therefore **DENIES** the Petition and Combs' motion for the appointment of counsel. The Court further declines to issue a certificate of appealability and denies Combs leave to proceed *in forma pauperis* on appeal.

# I

Combs' conviction arises from his possession and manufacture of methamphetamine at his girlfriend's apartment in Coldwater, Michigan in June, 2015. Following a search of that residence, Combs was charged with multiple offenses. On August 6, 2015, Combs pleaded guilty to one count of delivery/manufacture of methamphetamine in exchange for (1) the dismissal of charges of possession of methamphetamine, operating/maintaining a laboratory involving hazardous waste, and operating/maintaining a laboratory involving methamphetamine and (2) a promise not to be charged for additional, uncharged acts. On September 28, 2015, the state trial court conducted a sentencing hearing and sentenced Combs to 7 years 11 months to 20 years imprisonment. Combs was assessed 10 points for Offense Variable 12 (contemporaneous felonious activity). *See* MICH. COMP. LAWS § 777.42 (providing for a score of 10 points when there are two or more contemporaneous felonious criminal acts against a person or three or more contemporaneous felonious criminal acts involving other crimes).

Following his sentencing, Combs filed a motion to correct an invalid sentence in the state trial court. In that motion, Combs asserted that the trial court improperly scored Offense Variable 12 at 10 points because there were no other felonious acts within 24 hours of the sentencing offense. On April 29, 2016, the trial court conducted a hearing and denied Combs' motion.

Combs thereafter raised his sentencing claim in a delayed application for leave to appeal with the Michigan Court of Appeals. That court denied the application for lack of merit. *See People v. Combs*, No. 333060 (Mich. Ct. App. July 29, 2016) (unpublished). Combs then filed an application for leave to appeal with the Michigan Supreme Court. That court denied Combs' application in a standard order. *See People v. Combs*, 894 N.W.2d 590 (Mich. 2017).

Combs filed the instant federal habeas petition on December 7, 2017. (*See* ECF #1.)

## II

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Combs filed the Petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

4

## III

Combs asserts that he is entitled to federal habeas relief because the state trial court erred when it scored Offense Variable 12 of the state sentencing guidelines at 10 points. However, "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does not lie for errors of state law." *Id.* (quoting *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Combs has therefore failed to state a claim upon which federal habeas relief may be granted. *See Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006) ("The petitioner's argument that the state court erred in scoring his sentencing guidelines [was] based solely on state law" and therefore was "not cognizable on federal habeas corpus review").

In an attempt to avoid this bar, Combs argues that the state court violated his rights under the federal Due Process Clause because it based his sentence on inaccurate information. But Combs has not stated an inaccurate-information claim, nor has he shown that the trial court relied upon materially false or inaccurate information when it imposed his sentence. His claim fundamentally is that the state court made an analytical error in scoring his state sentencing guidelines, and for all

of the reasons described above, that claim is not cognizable on federal habeas review.

## IV

For the reasons stated, the Court concludes that Combs is not entitled to federal habeas relief on his sentencing claim. Accordingly, the Petition (ECF #1) is **DENIED**. In addition, because the Court has denied the Petition, it **DENIES** Combs' motion for appointment of counsel (ECF #3) as moot.

Before Combs may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court has conducted the required review and concludes that Combs has failed to demonstrate that jurists could find the issues presented here are adequate to deserve encouragement to proceed further. Accordingly, the Court **DECLINES**

**TO ISSUE** Combs a certificate of appealability. The Court further **DENIES** Combs leave to proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. *See* FED. R. APP. P. 22(a).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9763